

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ARTHUR RAY DEERE, SR,                    Civil No.    11cv0542 JAH (WMc)
     CDCR #F-94040,
12
                              Plaintiff,       **ORDER:**
13
                                               **(1) GRANTING MOTION TO**
14                                             **PROCEED *IN FORMA PAUPERIS*,**
                                               **IMPOSING NO INITIAL PARTIAL**
15                 vs.                         **FILING FEE, GARNISHING $350.00**
                                               **BALANCE FROM PRISONER'S**
16                                             **TRUST ACCOUNT [ECF No. 2];**
                                               **AND**
17
     ANTHONY CUOMO, Medical Doctor;            **(2)  DISMISSING COMPLAINT**
18   HANS F. KOENIG, CEO of Alvarado           **FOR FAILURE TO STATE A**
     Medical Center; E. ESTOCK, Medical        **CLAIM PURSUANT TO  28 U.S.C.**
19   Doctor; JERRY BROWN, Governor;            **§§ 1915(e)(2) AND 1915A(b)**

20                            Defendants.

21

22

23          Arthur Ray Deere, Jr. ("Plaintiff"), a state prisoner currently incarcerated at Calipatria

24   State Prison located in Calipatria, California, and proceeding pro se, has submitted a civil action

25   pursuant to 42 U.S.C. § 1983.  Additionally, Plaintiff has filed  a Motion to Proceed *In Forma*

26   *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3].

27   / / /

28   / / /

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1   *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

2   pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

3   which is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

4   (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the

5   court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board*

6   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7        Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

8   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

9   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

10  United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122

11  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

12      **B.      Eighth Amendment Claims**

13       Plaintiff claims that Defendants Cuomo and Estock have violated his Eighth Amendment

14  rights as a result of "malpractice, incompetence and/or negligence." (Compl. at 3.)  In order to

15  assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to

16  show that each person sued  was "deliberately indifferent to his serious medical needs." *Helling*

17  *v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Prison

18  officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither

19  an inadvertent failure to provide adequate medical care, nor mere negligence or medical

20  malpractice constitutes a constitutional violation.  *Estelle*, 429 U.S. at 105-06.

21       Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an

22  objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of

23  comment, one which significantly affects his daily activities, or one which is chronic and

24  accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);

25  and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual

26  Defendant.  *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

27       Plaintiff claims that Dr. Cuomo negligently increased his medication that resulted in

28  Plaintiff developing "vision problems, chest pains and muscle spasms" in his leg.  (Compl. at

3.)   As stated above, inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation.  *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).   In addition, Plaintiff claims that Dr. Estock was "negligent in taking 10 months to raise an objection" to the increase in Plaintiff's medication.  (Comp. at 3.)  Plaintiff also claims that Dr. Estock should have informed Dr. Cuomo of a less invasive procedure.  (*Id.*)  However, a  mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a § 1983 claim upon which relief may be granted.

### C.   Respondeat Superior claims

Plaintiff names the CEO of Alvarado Medical Center and Governor Jerry Brown as Defendants  in this matter but fails to set forth any specific factual allegations with regard to these Defendants in the body of Plaintiff's Complaint.  Thus, it appears that Plaintiff seeks to hold these Defendants liable in their supervisory capacity.   However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

1    support an individualized constitutional claim against Defendants Koenig  or Brown.

2        Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim

3    upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

4    §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend

5    his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint

6    fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and

7    without leave to amend.

8                                        **III.**

9                              **CONCLUSION AND ORDER**

10       Good cause appearing, **IT IS HEREBY ORDERED** that:

11       1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

12   **GRANTED**.

13       2.      The Secretary of California Department of Corrections and Rehabilitation, or his

14   designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

15   owed in this case by collecting monthly payments from the account in an amount equal to twenty

16   percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

17   each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

18   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

19   ASSIGNED TO THIS ACTION.

20       3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

21   Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

22   Sacramento, California 95814.

23       **IT IS FURTHER ORDERED** that:

24       4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

25   §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

26   from the date this Order is "Filed" in which to file a Second Amended Complaint which cures

27   all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete

28   in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants

1   not named and all claims not re-alleged in the Amended Complaint will be deemed to have been

2   waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended

3   Complaint fails to state a claim upon which relief may be granted, it may be dismissed without

4   further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

5   *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6       5.       The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

7       **IT IS SO ORDERED.**

8

9   DATED:  October 19, 2011

10

11  JOHN A. HOUSTON
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28